By the Court.
This is a proceeding in mandamus originating in the court of appeals of Hamilton county. A demurrer to the amended petition was sustained, and relator not desiring to plead further judgment was rendered againsj: him. He is here asking this court to reverse that judgment.
The relator had filed a petition for divorce in the court of common pleas of Hamilton county, in *145 which he alleged that his wife had been guilty of extreme cruelty toward him. He asked, also, for an order granting to him the custody, care and control of their child. The wife filed an answer denying the allegations of the petition, and, in a cross-petition, charged extreme cruelty and gross neglect of duty on the part of the husband, and asked for a divorce and also an order granting to her the care and custody of the child. The case was heard upon the evidence before Charles W. Hoffman, Judge, present defendant in error, and he handed down a memorandum opinion as follows:
“In this case the court finds that the plaintiff is entitled to a decree of divorce on the ground of gross neglect of duty on the part of the defendant.
“The court makes no order as to the custody and control of the child of the parties hereto.
“It is the order of the court that the plaintiff, Peter V. Sherwood, pay into this court for the support and maintenance of said child the sum of Ten Dollars ($10) per week.
“It is further ordered that the decree for divorce be not entered on the record until the said Peter V. Sherwood, secure the payment of said Ten Dollars ($10) per week for the support and maintenance of said child by a bond of Fifteen Hundred Dollars ($1500) with good and sufficient sureties. The bond is ordered in pursuance of Section 11979-1 of the General Code of Ohio.”
Within a few days after this opinion was handed down the relator offered for entry therein a judgment for divorce, which was refused because the *146 relator had not filed a bond in the sum of fifteen hundred dollars securing payment into court of the sum of ten. dollars per week for the support and maintenance of the child.
It is alleged in the petition for mandamus that having declined to make an order for the custody and control of the child the defendant in error was without warrant or authority in law to make an order for her support and maintenance; and that the child was a resident of the state of New York. It is further alleged that the order of defendant in error requiring that relator enter into a bond as a condition precedent to the entry of the judgment for divorce was in violation of the provisions of Section 16 of the Bill of Rights of the Constitution of the State of Ohio, and that Section 11979-1 is unconstitutional and without force or effect to warrant the withholding of the judgment from the records, and that the order requiring the bond is in violation of Section 1, Article XIY of the Constitution of the United States, for the reason that* it denies to relator the equal protection of the law.
The práyer of the petition was that a writ of mandamus issue to compel defendant in error to order that a judgment entry of divorce in consonance with his written opinion be made a part of the record without reference to his order requiring that bond be given by the relator.
Relator treats the memorandum opinion of defendant in error as though" it were an order. This opinion constituted no part of the record in the divorce proceeding. Assuming, for the purposes *147 of this case, that it can be treated as a finding of the court,/the relator [then/is complaining that the portion of the finding requiring a bond to secure the payment of ten dollars per week for the support and maintenánce of the child, as a condition precedent to the entering of the decree of divorce, is erroneous. He is asking that the court disregard this portion and that a judgment entry of divorce be entered of record without reference to a bond. If the trial court erred in requiring a bond as a condition precedent to the entering of the decree of divorce, it was a mistake of judgment on its part. Relator in effect is asking in his petition in mandamus that the court require defendant in error to correct his judgment in the divorce case. The judgment or discretion of a court cannot be controlled by mandamus. We think the court of appeals was correct in sustaining the demurrer to the amended petition. /

Judgment affirmed.

Nichols, C. J., Johnson, Donahue, Wanamaker, Newman, Jones and Matthias, JJ., concur.